UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH TUYET THAI,<br><br>                                 Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>                                 Defendant. | Case No.:  18cv2647-JAH-RBM<br><br>**ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>ATTORNEY'S FEES (Doc. No. 19)** |

## INTRODUCTION

Pending before the Court is Plaintiff Anh Tuyet Thai's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* Doc. No. 19. Defendant Andrew M. Saul, Acting Commissioner of Social Security ("Commissioner" or "Defendant") filed a statement of non-opposition to Plaintiff's motion. *See* Doc. No. 22. For the reasons stated below, Plaintiff's motion for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

On November 19, 2018, Plaintiff, represented by Alexandra T. Manbeck, brought this action seeking judicial review of a final administrative decision denying her application for Supplemental Security Income Benefits under Title II and Title XVI of the

1

Social Security Act. On December 13, 2019, Defendant filed an *ex parte* motion for the voluntary remand of this action to the Commissioner of Social Security for a new hearing. *See* Doc. No. 17. The Court granted Defendant's *ex parte* request and remanded this matter on January 13, 2020. *See* Doc. No. 18.

On February 14, 2020, Plaintiff filed a motion for attorney's fees. *See* Doc. No. 19. Plaintiff's motion seeks an award of $15,039.20 in attorney's fees and $500 in costs based on 59 hours of attorney time expended. *See* Doc. No. 19-1. On March 2, 2020, Defendant filed a statement of non-opposition to Plaintiff's motion. *See* Doc. No. 22.

## **LEGAL STANDARD**

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart.* 274 F.3d 1255, 1258 (9th Cir.2001)

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed [.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel,* 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status ... to a plaintiff who won a remand order pursuant to sentence four of § 405(g) ..., which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the

purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez,* 274 F.3d at 1257.

## DISCUSSION

**a.    Prevailing Party**

Here, the Court finds that Plaintiff is the prevailing party, that Plaintiff did not unduly delay this litigation, that her net worth did not exceed two million dollars when this action was filed, [Doc. No. 2], and that the position of the government was not substantially justified. *See Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

**b.    Reasonable Attorney's Fees**

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A. Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living. *See* 28 U.S.C. § 2412(d) (2)(A); *Sorenson v. Mink,* 239 F.3d 1140, 1147–49 (9th Cir.2001); *Atkins v. Apfel,* 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee " 'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.' " *Atkins,* 154 F.3d at 988 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider " 'the relationship between the amount of the fee awarded and the results obtained.' " *Id.* at 989.

**i.    Special Factor Enhancement**

A "special factor" enhancement is available under the EAJA if "some distinctive knowledge or specialized skill [is needed] for the litigation in question." *Pierce v. Underwood,* 487 U.S. 552, 572 (1988). Examples of these special factors include an "identifiable practice specialty" and a "knowledge of foreign law or language." *Id.* "Where such qualifications are necessary and can be obtained only at rates in excess of the [$ 125] cap, reimbursement above that limit is allowed." *Id.* Before approving the enhancement, a

court must determine that (1) "the attorney ... possess[es] distinctive knowledge and skills," (2) "those distinctive skills [are] needed in the litigation," and (3) "those skills [are not] available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989)). The Plaintiff has the burden of proof to show that these three requirements exist. *See Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005).

Plaintiff meets her burden of showing that all three factors are present in this case. Counsel's knowledge of social security law and fluency in Vietnamese constitute "distinctive knowledge and skills." *Pirus*, 869 F.2d at 541. Plaintiff also shows that these skills were needed for this litigation because Plaintiff is unable to communicate in English and relies on Manbeck's Vietnamese language fluency. *See Love*, 924 F.2d at 1496. Therefore, the Court Grants Plaintiff's request for a fee enhancement.

### ii. Reasonableness of Hours

In general, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Although surveying hourly rates awarded to attorneys of comparable experience and skill can be a useful tool "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record and when counsel was retained." *Costa*, 690 F.3d at 1136. If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

The party seeking an award of fees has the burden of demonstrating that the requested hours are appropriate and reasonable. *Hensley v. Eckhart*, 461 U.S. 424, 437

(1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]" *Id*. at 435. Hours that are excessive, redundant, or otherwise unnecessary should be excluded. *Id*. at 434. Plaintiff's counsel provides that she expended a total of 59 hours in this matter and seeks attorney's fees at a rate of $251.60 per hour for work in 2018, and $ 255.25 per hour for work in 2019 and 2020, for a total of $15,039.68. *See* Doc. No. 19-2 at 5. The Government does not challenge as unreasonable the number of hours accrued during the underlying litigation.

As a threshold matter, on November 17, 2019, Manbeck claims to have spent .75 hours on an ambiguous entry of "fil[ing]". *See* Doc. No. 19-2 at 5. Clerical tasks are not typically considered reimbursable overhead expenses. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them."); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing EAJA fee request to account for paralegal's billing of clerical work including time spent on "filing, transcript, and document organization time"). Accordingly, the .75 hours for such a clerical task reduces the award by $191.44 for hours billed in 2019.

Further, Manbeck filed a complaint, a motion for summary judgment, and the instant motion in this matter. Importantly, of the 59 hours Manbeck claims to have expended, 33.25 hours were spent drafting the motion for summary judgment and 5.5 hours drafting the complaint. The Court finds the 38.75 hours expended on these two filings to be reasonable.

Finally, Manbeck declares she spent 9.5 hours preparing the instant motion. The Court finds the motion is not complex and did not require the claimed expended time for its completion. Accordingly, the Court finds Manbeck could not have reasonably expended 9.5 hours on the instant motion, and reduces the requested award by 7.5 hours, or $1,914.37, in light of the circumstances.

///

**c.      Request for $500.00 in Costs**

A prevailing party may also recover the costs necessary for the preparation of the case. 28 U.S.C. § 2412(d). Here, Plaintiff seeks reimbursement of $393 for transportation and translation fees, and $107 for postage and phone services, for a total of $500.

In support of this position, Plaintiff attaches photocopies of four checks payable to Lanh Nguyen, who translates documents on behalf of Manbeck to Plaintiff. *See* Doc. No. 19-3 at 407. The check sums are: $200.00, $70.00, $50.00, $63.00, for a total equaling $383.00. The Court grants costs of $383.00 for transportation and translation fees, as supported by the attached checks. The Court denies postage and phone service fees of $107.00, as it is unsupported by receipts or evidence of such expenses.

**d.      Assignment of Fees**

Finally, Plaintiff requests that payment of the EAJA award be made directly to the Plaintiff's counsel based on an Assignment of Rights included in her signed Declaration attached to the motion. See Doc. No. 19-3 at 2 ¶ 6. Generally, any EAJA award must be made payable to the plaintiff. In this regard, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Subsequent to the decision in *Ratliff* some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See e.g., Tam Phan Nguyen v.Berryhill,* 2018 WL 6504150 (S.D. Cal. December 11, 2018); *Blackwell v. Astrue,* 2011 WL 1077765 (E.D. Cal. Mar. 21, 2011); *Castaneda v. Astrue,* 2010 WL 2850778 (C.D. Cal. July 20, 2010). In that no evidence has been presented indicating the Plaintiff owes a debt subject to offset, the Court orders that the EAJA fees be paid directly to the Plaintiff's counsel.

///

///

## **CONCLUSION AND ORDER**

Therefore, IT IS HEREBY ORDER Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice is Act is GRANTED in part. Plaintiff is awarded $12,933.87 in attorney's fees under the Equal Access to Justice Act and $383 in costs for a total of **$13,316.87**. EAJA awards are subject to any offsets allowed under the Treasury Offset Program. If Plaintiff has no debt subject to the Treasury Offset Program, then Plaintiff's assignment of fees shall be honored and Defendant shall make the check payable to Plaintiff's attorney, Alexandra T. Manbeck.

**IT IS SO ORDERED.**

DATED: August 13, 2020

JOHN A. HOUSTON
United States District Court